Scott E. Radcliffe, (CA BAR NO. 278098)
**ALVES RADCLIFFE LLP**
2377 Gold Meadow Way, Suite 100
Gold River, California 95670
T: (916) 333-3375
E: sradcliffe@alvesradcliffe.com

Attorneys for Plaintiff
PREPARED FOOD PHOTOS, INC.
f/k/a ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PREPARED FOOD PHOTOS, INC. f/k/a ADLIFE MARKETING & COMMUNICATIONS CO., INC.,<br><br>Plaintiff,<br><br>V.<br><br>LEKAI, INC. d/b/a PASO ROBLES WINERIES,<br><br>Defendant. | Civil Action No. 2:22-cv-7158<br><br>**COMPLAINT** |

Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Plaintiff") sues Defendant Lekai Inc. d/b/a Paso Robles Wineries ("Defendant"), and alleges as follows:

**THE PARTIES**

1. Plaintiff is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Broward County, Florida.

2. Defendant is a corporation organized and existing under the laws of the State of California with its principal place of business located at 560 10th Street, Suite 201, Paso Robles, CA 93446. Defendant's agent for service of process is Lauren Lekai, 560 10th Street, Suite 201, Paso Robles, CA 93446.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it maintained sufficient minimum contacts with California such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "The Ninth Circuit has interpreted Section 1400(a) to mean that venue is proper in any judicial district in which the defendant would be amenable to personal jurisdiction." Righthaven LLC v. Inform Techs., Inc., No. 2:11-CV-00053-KJD-LRL, 2011 U.S. Dist. LEXIS 119379, at *8 (D. Nev. Oct. 14, 2011) (citing Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010)). Venue is thus proper in this District because personal jurisdiction exists over Defendant in this District.

## FACTS

### I. Plaintiff's Business

6. Plaintiff is in the business of licensing high-end, professional photographs for the food industry.

7. Through its commercial website (www.preparedfoodphotos.com), Plaintiff offers

a monthly subscription service which provides access to/license of tens of thousands of professional images.

8. As of the date of this pleading, Plaintiff charges its clients (generally, grocery stores, restaurant chains, food service companies, etc.) a monthly fee of $999.00 for access to its library of professional photographs.

9. Plaintiff does not license individual photographs or otherwise make individual photographs available for purchase. Plaintiff's business model relies on its recurring monthly subscription service such that Plaintiff can continue to maintain its impressive portfolio.

10. Plaintiff owns each of the photographs available for license on its website and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, non-transferable license for use of any photograph by the customer only. Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

## II. The Work at Issue in this Lawsuit

11. In 1997, a professional photographer created a photograph titled "Clambake007" (the **"Work"**). A copy of the Work is exhibited below:



12. The Work was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on October 14, 2016 and was assigned Registration No. VA 2-019-921. A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

13. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

**III. Defendant's Unlawful Activities**

14. Defendant offers digital advertising and marketing services for wineries located in and near Paso Robles, CA.

15. Defendant advertises/markets its business primarily through its website (https://pasorobleswineries.net/), social media (e.g. https://www.facebook.com/PasoRoblesWineries/ and https://www.instagram.com/pasorobleswineries/?hl=en), and other forms of advertising.

16. On October 15, 2015, before Plaintiff's above-referenced copyright registration

of the Work, Defendant published a copy of the Work on its website (at https://pasorobleswineries.net/5-paso-robles-wineries-celebrating-harvest-right/) in connection with an article titled "5 Paso Robles Wineries Celebrating Harvest Right":

*For more information about Four Lanterns Winery, click here!*

Lobster Boil at Sextant Winery: Fri. 10/16 – 10am to 5pm



Fall into fishy fun! Join **Sextant** for their Sixth Annual Lobster Boil Winemaker Dinner, an unbelievable feast under the stars at the winery's estate vineyards in Paso Robles. Get your mitts on lobster, prawns, boiled artichokes, corn, and freshly picked fingerling potatoes (drooling over here). Of course, you'll also enjoy a range of Sextant wines expertly paired to this seafood smorgasbord.

**Other harvest events:** Sat. 10/18 – Attend Sextant's Fabulous Fiesta complete with carne asada tacos, rice, beans, and killer red or white ZINgria. On Sun. 10/18, cool off with Sextant Sexy Sundaes.
*For more information about Sextant Winery, click here!*

17. A true and correct copy of screenshots of Defendant's website, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

18. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its business or for any other purpose.

19. Defendant utilized the Work for commercial use – namely, in connection with providing advertising for one of its client's events.

20. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for Defendant's own commercial use.

21. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work on October 5, 2019. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past/existing infringement of its Work.

**COUNT I – COPYRIGHT INFRINGEMENT**

22. Plaintiff re-alleges and incorporates paragraphs 1 through 21 as set forth above.

23. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

24. Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

25. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website.

26. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

27. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly

displaying the Work for its commercial purposes.

28. Defendant itself utilizes a copyright disclaimer on its website ("Copyright © 2017 Paso Robles Wineries All rights reserved."), indicating that Defendant understands the importance of copyright protection and intellectual property. Defendant clearly understands that photographs such as the Work are generally paid for and cannot simply be copied from the internet.

29. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

30. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

31. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. An award of actual damages and disgorgement of profits as the Court deems proper;

c. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works

derived or copied from the Work or to participate or assist in any such activity; and

d. For such other relief as the Court deems just and proper.

**Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.

DATED: October 3, 2022 **ALVES RADCLIFFE LLP**

By: /s/ Scott E. Radcliffe

SCOTT E. RADCLIFFE
Attorney for Plaintiff
Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co. Inc.